THE PEOPLE OF THE STATE OF NEW YORK ex rel. ASA W. WILKINSON *v.* JOHN E. IRELAND and Others.

*Certiorari — reversal of the determination of the referees laying out a highway.*

The facts and circumstances considered and commented upon which lead to the conclusion that there was no public necessity for a particular route laid out for a proposed highway, and that the proposed road would result in great injury to a certain property owner, and which necessitated the reversal of the determination of referees laying out the highway.

CERTIORARI issued out of the Supreme Court and attested December 2, 1891, directed to John E. Ireland, John R. Reid and Jesse C. Mills, referees appointed by the county judge of Suffolk county, commanding them to return their proceedings and determination in relation to laying out a road in the town of Southampton, Suffolk county.

*H. H. Benjamin,* for the relator.

*E. A. Carpenter,* for the respondents.

PRATT, J. :

This is a certiorari to review the determination of referees appointed by the county judge of Suffolk county which affirmed an order of highway commissioners of the town of Southampton, laying out a highway in said town. Considerable evidence was produced before the referees, but it fails to show to my mind that there is any such public necessity for the road as will warrant doing the injury which must result to the rights of the relator.

The evidence is undisputed that where the proposed road is laid out the land of the relator is worth $1,500 per acre, and that it would

cut off and render worthless quite a strip of land, be a serious blot, and render unsalable his whole property.

Again, the weight of evidence seems to be that a much better route to serve the public convenience, and involving much less injury to the relator, can be laid to 'the west of the proposed route, and also a route on the west side of the creek.

It also seems quite inequitable that the route should be laid upon land of the relator, when the evidence shows that it might be placed between the lands of Goodman and the relator, which would afford equal facilities of travel, afford as good or better landing for boats, as safe a harbor and do much less injury to private property.

On the whole case we are forced to the conclusion that no public necessity exists for the particular route laid out, and that the proposed road will result in great injury to the relator.

The order should be reversed.

CULLEN and DYKMAN, JJ., concurred.

Order reversed.